**UNITED STATES v. SAVANNAH SHIPYARDS, Inc.**

No. 10731.

Circuit Court of Appeals, Fifth Circuit.

Feb. 25, 1944.

For former opinion, see 139 F.2d 953.

Roger P. Marquis and Vernon L. Wilkinson, Attys., Dept. of Justice, both of Washington, D. C., Norman M. Littell, Asst. Atty. Gen., S. King Funkhouser, Sp. Asst. to Atty. Gen., and J. Saxton Daniel, U. S. Atty., and Green B. Everitt, Asst. U. S. Atty., both of Savannah, Ga., for appellant.

Edmund H. Abrahams, John J. Bouhan, and David S. Atkinson, all of Savannah, Ga., Edgar John Phillips, of Cleveland, Ohio, and Charles H. Griffiths, of New York City, for appellee.

Before SIBLEY, HOLMES, and WALLER, Circuit Judges.

PER CURIAM.

It is ordered that the petition for a rehearing in the above numbered and entitled cause be, and it is hereby, denied.

HOLMES, Circuit Judge, is of the opinion that the petition for a rehearing should be granted for the reasons assigned in said petition, all of which seem to him to be well taken.

WALLER, Circuit Judge (concurring specially).

There is no trial in which a jury has more latitude in the consideration and in the fixing of its verdict than in a condemnation case involving property for which there is no established market value. The jury is required to find what is just compensation even though the evidence on the issue is scant and unsatisfying. With most juries theories and fictions give way to realities, and their verdicts in such cases are often a composite of evidence, guessing by the witnesses, and personal knowledge and guessing by the jurors. The experts and near experts guess. Their opinions, in addition to being mostly guesswork, are

864

further often tinged by partizanship or selfish interest. So the jury, finding itself in the midst of a guessing contest, attempts to evaluate the guesswork, but finding only confusion by that process, the jurors then usually bring to bear their own general knowledge and common sense, and thus a figure is reached which, more often than not, fulfills the constitutional command to make just compensation for private property taken for public use. The rules of evidence relating to the proof of fair market value are elastic as are the conscience and opinion of the partizan experts, but out of the conflict and confusion of opinions, facts and theories, the common sense of the jury is the "anchor to the windward". Neither the condemnor nor condemnee may be non suited. One has the right to take and the other has the right to be made whole for the taking. A jury's verdict in a condemnation suit should not be set aside except upon a clear and convincing showing of prejudicial error. While there was error in the letting in of evidence, as pointed out in the main opinion, on a collateral issue, a majority of the court is of the view that the verdict is well sustained by competent evidence. In condemnation cases "The verdict of a jury should not be set aside by the court merely because the court would have found a different sum, and it must be allowed to stand unless it is a gross and palpable error, or the result of prejudice, passion and corruption"; 18 Am.Jur. 1008.